■ RENE GRINAN, Petitioner, v IRMA V. SANTAELLA et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated October 7, 1980, which affirmed a determination of the State Division of Human Rights, dated July 16, 1979, dismissing petitioner's complaint on the ground it was filed while a Federal civil rights complaint was pending. Petition granted to the extent that the order and determination are annulled, on the law, without costs or disbursements, and the matter is remitted to the State Division of Human Rights for a determination on the merits. The division held that it was

without jurisdiction to entertain petitioner's complaint because his earlier Federal lawsuit constituted an election of remedies under subdivision 9 of section 297 of the Executive Law. The division concedes that annulment and remittitur are mandated, apparently on the ground that the election of remedies provision refers to judicial and administrative remedies under State law, not Federal law. We need not address that issue. The record shows that petitioner's Federal court action essentially related to his wrongful dismissal in 1975 and sought back pay. His current complaint, however, relates primarily to a 1977 disciplinary action. Thus, his Federal lawsuit and State discrimination complaint constituted attempts to remedy two separate grievances and no election of remedies was involved. Therefore, the appeal board's order and division's determination must be set aside and the matter remitted to the division for a determination on the merits. Lazer, J.P., Cohalan, Margett and O'Connor, JJ., concur.